UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT FRANCIS SAMBOLI,

      Petitioner,

v.                                  CASE NO. 6:01-cv-593-Orl-28JGG

MICHAEL W. MOORE, et al.,

      Respondents.

_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254. Thereafter, Respondents filed a response to the petition for writ of habeas corpus (Doc. No. 7). Petitioner then filed a reply to the response (Doc. No. 11).

The Court subsequently entered an order denying the petition with prejudice on the basis that is was untimely (Doc. No. 12). Petitioner appealed the denial, and the Eleventh Circuit Court of Appeals entered a written, unpublished opinion affirming the denial. *See* Doc. No. 22.[1] Petitioner then appealed to the United States Supreme Court, which vacated the appellate court's prior judgment and remanded the case for further consideration in light of *Clay v. United States*, 537 U.S. 522 (2003). The appellate court then vacated this Court's dismissal and remanded the case for consideration on the merits. *See* Doc. No. 23.

_____

[1]The appellate court specifically found that this Court did not err by dismissing the petition for untimeliness.

Respondents then filed a supplemental response to the habeas petition (Doc. No. 29), and Petitioner filed a reply to the supplemental response (Doc. No. 36).

Petitioner raises the following claims in his petition:  first, that there was a Double Jeopardy violation; second, that the trial court erred in its denial of his Rule 3.850 motion; third, that Florida's probation system is unconstitutional; fourth, that trial counsel was ineffective for failing to adequately present a voluntary intoxication defense; fifth, that trial counsel was ineffective for failing to adequately perform a pretrial investigation; sixth, that trial counsel was ineffective for failing to develop and present specific mitigating evidence; seventh, that trial counsel was ineffective for failing to argue in closing arguments that the State failed to prove intent; eighth; trial counsel was ineffective for failing to object to improper comments made by the prosecutor during closing argument; ninth, that trial counsel was ineffective for failing to request jury instructions on all lesser included offenses; and tenth, appellate counsel was ineffective for failing to argue that there was insufficient evidence to support the convictions.

### Procedural History

Petitioner was charged by information with one count of carjacking and one count of robbery.  A jury trial was held, and Petitioner was found guilty as charged in the information.  The trial court adjudicated Petitioner guilty of the crimes and sentenced him, as a habitual violent felony offender, to life imprisonment as to the carjacking count and to imprisonment for a term of thirty years as to the robbery count.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which

entered a written opinion, affirming the convictions and sentences. The Supreme Court of Florida denied his request for discretionary review.

Petitioner next filed a motion for postconviction relief with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*. Petitioner then filed a petition for writ of habeas corpus with the state appellate court, which was denied.

### *Applicability of 28 U.S.C. Section 2254(d)*

Section 2254(d) provides as follows:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Consequently, if a claim was adjudicated on the merits in the state court, this Court may grant habeas corpus relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"[2] or "was based on an unreasonable determination of

---

[2]In *Bell v. Cone*, 535 U.S. 685, 694 (2002), the United States Supreme Court discussed the meaning of "contrary to" and "unreasonable application" as used in 28 U.S.C. § 2254(d):

the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C.

§§ 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362 (2000).  Thus, this Court must

consider four elements: (a) the governing legal principle relied upon by the state court; (b)

whether the state court's decision was contrary to governing United States Supreme Court

precedent; (c) whether the state court unreasonably applied the governing United States

Supreme Court precedent; and (d) whether the state court made a unreasonable

determination of the facts.  *See Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002); *see*

*also* 28 U.S.C. § 2254(d).

*Claim One*

Petitioner contends that there was a Double Jeopardy violation because the

convictions for both robbery and carjacking were based on the same criminal transaction.

Petitioner raised this claim on direct appeal, and the state appellate court denied it on the

merits.

While a passenger in a taxicab, Petitioner demanded the driver's money and

----

As we stated in *Williams*, § 2254(d)(1)'s "contrary to" and
"unreasonable application" clauses have independent meaning.  A federal
habeas court may issue the writ under the "contrary to" clause if the state
court applies a rule different from the governing law set forth in our cases,
or if it decides a case differently than we have done on a set of materially
indistinguishable facts.  The court may grant relief under the "unreasonable
application" clause if the state court correctly identifies the governing legal
principle from our decisions but unreasonably applies it to the facts of the
particular case.  The focus of the latter inquiry is on whether the state court's
application of clearly established federal law is objectively unreasonable, and
we stressed in *Williams* that an unreasonable application is different from an
incorrect one.

threatened to stab him if he did not comply. The driver complied, and Petitioner subsequently forced the driver out of the vehicle and drove the taxicab away. Under these facts, two crimes were committed: first, the taking of the money; and, second, the carjacking--the taking of the car. They are separate crimes and the commission of them occurred separately. *See Mason v. State*, 665 So. 2d 328 (Fla. 5th DCA 1995) (holding that carjacking and armed robbery were separate crimes and the commission of them occurred separately). Consequently, there was no Double Jeopardy violation.

Additionally, section 2254(d) precludes relief in this case. First, the claim was adjudicated on the merits by the state appellate court. Second, Petitioner has failed to demonstrate that the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Finally, Petitioner has not shown that the adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Claim Two*

Petitioner avers that, in his Rule 3.850 proceedings, the state trial court failed to conduct an evidentiary hearing and failed to attach to its order denying relief the portion of the record that rebutted Petitioner's claims.

It is clear that this claim is not properly reviewable in a federal habeas proceeding. "A habeas petition must allege the petitioner's detention violates the constitution, a federal statute, or a treaty. . . . [A] petition alleging errors in the state post-conviction review

5

process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir.), *cert. denied*, 493 U.S. 1012 (1989). In *Spradley v. Dugger*, 825 F.2d 1566 (11ᵗʰ Cir. 1987), the petitioner argued that the state trial court violated his due process rights when it denied his Rule 3.850 motion because it did not conduct an evidentiary hearing and because its opinion denying relief failed to attach those portions of the record on which it relied. The Eleventh Circuit Court of Appeals held that the state trial court's alleged errors in the Rule 3.850 proceedings did not undermine the validity of the petitioner's conviction; therefore, the claim went to issues unrelated to the cause of the petitioner's detention, and it did not state a basis for habeas relief. *Id.* at 1567; *see also Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir.) ("Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.") (quotation omitted) (citation omitted), *cert. denied*, 469 U.S. 823 (1984).[3] In claim two, Petitioner alleges errors in the state postconviction review process which are not addressable through habeas corpus proceedings; consequently, it must be denied.

*Claim Three*

Petitioner maintains that "Florida's probation system" is unconstitutional. This claim was raised in Petitioner's Rule 3.850, and the trial court found that it was

---

[3]In *David v. Price*, No. CIV. A. 97-7643, 1998 WL 404546, at *2 (E.D. Pa. July 15, 1998), the district court noted that "the majority of Circuits have held that . . . deficiencies [or errors in state post-conviction proceedings] are not reviewable in federal habeas proceedings." The district court also listed those circuits in the majority and the one circuit in the minority.

procedurally barred.

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[4] or (2) are not exhausted but would clearly be barred if returned to state court.[5] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[6]

Petitioner's claim is procedurally barred because the trial court so determined in its order denying Petitioner's motion for postconviction relief, and the state appellate court affirmed *per curiam*.[7] The denial on procedural bar grounds was a correct application of

---

[4]*Harris v. Reed*, 489 U.S. 255, 261 (1989).

[5]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment `clearly and expressly' state that its judgment rests on a procedural bar.").

[6]Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995).

[7]A *per curiam* affirmance of a trial court's finding of a procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *See Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990).

Florida law.

There are two exceptions to the procedural default bar.  The first is the "cause and prejudice" exception;[8] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances.  *See Johnson v. Singletary,* 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied,* 506 U.S. 930 (1992).

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default.  Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception.  The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.  Therefore, claim three is procedurally barred.

***Claims Four through Nine***

Claims four through nine were raised in Petitioner's motion for postconviction relief, and the trial court denied them on the merits.  The state appellate court affirmed the denial.  The Court finds that these claims must be denied under section 2254(d).

The Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance.  The first prong of the *Strickland* test

---

[8]*See Engle v. Isaac,* 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a court claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice."); *see also Keeney v. Tamayo-Reyes,* 504 U.S. 1 (1992) (the petitioner must demonstrate cause and prejudice for failing to raise instances of ineffective assistance of counsel with the state court).

requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

Utilizing the standards set forth in *Bell* and *Williams*, this Court finds that the state court's decision was not "contrary to" the governing legal authority.[9] The state court, which correctly identified *Strickland* as the controlling legal authority on claims of ineffective assistance of counsel, did not reach an opposite conclusion from the United States Supreme Court on a question of law. Additionally, Petitioner has not cited to any decision of the United States Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case. Therefore, the state court's decision was not "contrary to" governing United States Supreme Court precedent.

Furthermore, the Court is unable to say that the trial court's application of *Strickland's* attorney performance standard was objectively unreasonable. As noted in *Bell*, "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. This Court may not grant the writ simply because it determines that the state court erroneously or incorrectly applied the correct governing law. Relief is only warranted if the application

---

[9]The Court notes that a state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

was unreasonable. *Id.* Under this demanding standard, the state court's determination that, with regard to each of these claims, Petitioner did not show either deficient performance by his counsel or prejudice.

    1.    *Claim Four*

Petitioner avers that counsel failed to adequately present the voluntary intoxication defense. Petitioner mentions that counsel did not produce an expert witness to support the voluntary intoxication defense.

The record reflects that, at trial, counsel presented a voluntary intoxication defense and that, on direct examination, he questioned Petitioner about the effects that using cocaine had on his person. *See* Transcript of Trial at 274-80. Petitioner merely speculates as to whether an expert witness would have been beneficial. Petitioner fails to identify any specific expert or any specific scientific evidence upon which an expert would rely. The Court notes that the manner in which this defense was presented was within the discretion of counsel. Moreover, there has been no showing of prejudice with regard to this matter.

    2.    *Claim Five*

Petitioner argues that counsel did not conduct an adequate pretrial investigation and failed to call witnesses to support the voluntary intoxication defense.

At trial, Petitioner testified about his drug use on the night of the crimes. Testimony from additional witnesses on this matter would have been cumulative. Also, aside from vague and conclusory allegations, Petitioner has failed to demonstrate that counsel performed an inadequate pretrial investigation.

3.    *Claim Six*

Petitioner argues that counsel failed to develop and present specific mitigating evidence at the penalty phase of the trial. According to Petitioner, at sentencing, counsel should have called expert and lay witnesses to testify as to his mental instability and his addiction to drugs and alcohol.

This claim is without merit.   At sentencing, Petitioner's counsel did present mitigating evidence. He argued that the trial court should consider Petitioner's substance abuse problem. *See* Transcript of Sentencing at 13-15. Additionally, he submitted a TASC evaluation that was performed on Petitioner and a report disclosing a psychiatric evaluation of Petitioner. *Id.* at 14. Finally, he argued for a downward sentencing departure. *Id.* at 15. Clearly, the record refutes any argument that counsel's conduct was unreasonable at sentencing, and there has been no showing of prejudice.

4.    *Claim Seven*

Petitioner states that, during closing arguments, counsel failed to argue that the State did not prove intent. However, the record reflects that trial counsel did argue that there was a lack of intent based on Petitioner's intoxication. *See* Transcript of Trial at 334-39. Also, throughout closing argument, counsel emphasized Petitioner's history of drug abuse and state of intoxication on the night of the crimes. Further, this matter concerns trial strategy, which will not be second-guessed by the Court.

5.    *Claim Eight*

Petitioner avers that counsel failed to object when the prosecutor made improper

comments during closing argument. Specifically, Petitioner argues that the prosecutor vouched for the credibility of witnesses; opined with regard to the effect drugs had on Petitioner; and stated her personal opinion about the crimes.

Assuming, without deciding, that the prosecutor's comments were improper, Petitioner still has not demonstrated prejudice. The trial court instructed the jury that the attorneys' arguments were not evidence in the case, and Petitioner has not shown that they were prejudicial in nature.

      6.    *Claim Nine*

Petitioner contends that counsel failed to request jury instructions on all of the necessarily included offenses. He also contends that a jury instruction should have given providing that robbery was a lesser included offense of carjacking.

Here, the jury was properly instructed on all lesser included offenses. As to the claim that robbery should have been given as a lesser included offense to carjacking, as discussed above with regard to claim one, robbery and carjacking were two separate crimes in this case. This claim must be denied.

      7.    *Conclusion*

The Court finds that, with regard to claims four through nine, trial counsel's conduct was reasonable and/or that Petitioner has not shown prejudice. Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland*.

8.    *Determination of Facts*

Finally, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts.[10]   "To establish that habeas relief is warranted on the § 2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts in light of the evidence presented in the sate court proceedings,' a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct." *Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir.) (citation omitted), *cert. denied*, 537 U.S. 1054 (2002); *Torres v. Prunty*, 223 F.3d 1103, 1108 (9th Cir. 2000) (stating that in order for a federal district court to conclude that a state court's factual determination was unreasonable under § 2254(d)(2), the federal court must be "left with a 'firm conviction' that the determination made by the state court was wrong and that the one [the petitioner] urges was correct"); *see also* 28 U.S.C. § 2254(e)(1).

Here, nothing in the record (or in Petitioner's submissions) suggests that the trial court's factual findings were unreasonable.   Further, Petitioner has failed to rebut the presumption of correctness accorded the trial court's factual findings.   Because he has not denigrated the trial court's factual findings, the Court cannot conclude that the trial court's decision was based on an unreasonable determination of the facts.   Based on the foregoing, it is clear that claims four through nine must be denied under section 2254(d).

---

[10]"The special prophylaxis of section 2254(d)(2) applies only to determinations of basic, primary, or historical facts.  Inferences, characterizations of the facts, and mixed fact/law conclusions are more appropriately analyzed under the "unreasonable application" prong of section 2254(d)(1)." *Ouber v. Guarino*, 293 F.3d 19, 27 (1st Cir. 2002) (citation omitted) (quotation omitted).

13

*Claim Ten*

Petitioner avers that appellate counsel was ineffective for failing to argue that there was insufficient evidence to support the convictions.

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), *cert. denied*, 469 U.S. 956 (1984). The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992).

Appellate counsel need not raise issues that he (or she) reasonably concludes will not be considered on the merits by the appellate court. *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984). Likewise, appellate counsel need not brief issues reasonably considered to be without merit. *Alvord*, 725 F.2d at 1291. Appellate counsel must be allowed to exercise his (or her) reasonable professional judgment in selecting those issues most promising for review, and "[a] brief that raises every colorable issue runs the risk of burying good arguments . . . . " *Jones v. Barnes*, 463 U.S. 745, 753 (1983).

In the present case, there was ample evidence supporting the convictions. The Court finds that appellate counsel's conduct was reasonable and that Petitioner has not shown prejudice.

Any of Petitioner's allegations not specifically addressed herein have been found to

14

be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Robert Francis Simboli is

**DENIED**, and this case is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall

enter judgment accordingly.

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this ___ day of July,

2005.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 7/8
Counsel of Record
Robert Francis Simboli